IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE LUIS RUVALCABA, | ) | CASE NO. 5:05CV0657 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE WELLS |
| v. | ) | |
| | ) | MAGISTRATE JUDGE HEMANN |
| RICHARD GANSHEIMER, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is Jose Luis Ruvalcaba's ("Ruvalcaba") petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on March 1, 2005. Ruvalcaba is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in *State of Ohio vs. Ruvalcaba*, Case No. CR 00-03-0679 (Summit County 2000). For the reasons set forth below the magistrate judge recommends that the petition be dismissed.

I

The March 2000 term of the Summit County grand jury indicted Ruvalcaba on four counts of trafficking in marijuana, six counts of corrupting another with drugs, one count of permitting drug abuse, and one count of endangering children. Ruvalcaba waived his right to a jury. On July 19, 2000 after a bench trial the court found Ruvalcaba guilty of four counts of trafficking in marijuana. On July 26, 2000 the court sentenced him to seven years'

imprisonment for each of the first two counts and four years' imprisonment for each of the last two counts. The seven year sentences were to be served concurrently with each other, and the four year sentences were to be served concurrently with each other but consecutively to the seven year sentences. The court also fined Ruvalcaba $25,000.00.

On August 17, 2000 Ruvalcaba filed a timely notice of appeal in the state appellate court. He filed a motion to dismiss his appeal on August 23, 2000, and the state appellate court dismissed his petition on August 29, 2000.

On August 18, 2000 Ruvalcaba, represented by counsel, filed a timely second notice of appeal in the state appellate court. On December 4, 2000 the state filed a motion to dismiss Ruvalcaba's appeal for failure to file an appellate brief within 20 days as required by Ohio App. R. 18(A). Ruvalcaba opposed the motion on December 5, 2000 and moved for an extension of time to file the appellate brief. In moving for an extension, Ruvalcaba's counsel admitted that the failure to file an appellate brief was due to his own inadvertence. Ruvalcaba filed an appellate brief without leave of court on December 11, 2000. On December 15, 2000 the state appellate court denied Ruvalcaba's motion for an extension and dismissed Ruvalcaba's appeal.

On December 20, 2000 Ruvalcaba timely moved in the trial court with the assistance of counsel for postconviction relief pursuant to Ohio Rev. Code 2953.21 *et seq.* Ruvalcaba contended his conviction should be reversed because he was denied his rights protected by Article 36 of the Vienna Convention and because trial counsel was ineffective for failing to raise the protections of the Vienna Convention during Ruvalcaba's trial. On April 24, 2001 the trial court found Ruvalcaba's arguments to be without merit and denied his motion for postconviction relief.

On May 21, 2001 Ruvalcaba timely appealed with the assistance of counsel the trial court's denial of his motion for postconviction relief. In his brief in support of his appeal Ruvalcaba asserted two assignments of error:

> FIRST ASSIGNMENT OF ERROR
> Defendant was denied his right under Article 36 of the Vienna Convention on Consular Relations (1) to have the assistance of the Mexican Consul at the time of his interrogation and throughout the ensuing criminal proceedings and (2) to be informed of these rights by the arresting authorities "without delay" when he was detained and taken into custody.
>
> SECOND ASSIGNMENT OF ERROR
> The conviction should be reverse because Mr. Ruvalcaba was denied the effective assistance of counsel.

The state appellate court found that Ruvalcaba could have raised his claims on direct appeal and that, having failed properly to do so, the claims had been waived. The court therefore dismissed the claims as *res judicata.*

Ruvalcaba filed with the assistance of counsel a timely notice of appeal in the Ohio Supreme Court on January 18, 2002. In his memorandum in support of jurisdiction Ruvalcaba raised two propositions of law:

> Proposition of Law No. 1
> Defendant was denied his right under Article 36 of the Vienna Convention on Consular Relations (1) to have the assistance of the Mexican Consul at the time of his interrogation and throughout the ensuing criminal proceedings and (2) to be informed of these rights by the arresting authorities "without delay" when he was detained and taken into custody.
>
> Proposition of Law No. II
> The conduct of counsel for a defendant in a criminal case falls below the standard of reasonably competent counsel and prejudices the rights of the defendant when counsel fails to raise the applicability of the terms of the Vienna Convention and the state's failure to comply therewith by notifying the defendant of his rights under the treaty and failing to obtain the available assistance under the treaty in providing assistance to the defendant at trial.

On April 3, 2002 the Ohio Supreme Court dismissed Ruvalcaba's appeal as not involving a

substantial constitutional question.

Ruvalcaba filed in this court a petition for a federal writ of habeas corpus on September 24, 2002. Ruvalcaba asserted three grounds for relief:

Ineffective Assistance of Counsel.

Violation of Article 36 of Vienna Convention.

Denial of direct appeal on procedural grounds.

(Punctuation altered from original).

Respondent argued that Ruvalcaba had not exhausted state remedies because he had not presented the merits of his claims to the Ohio Supreme Court and he had available to him a motion for a delayed appeal to that court pursuant to Ohio S. Ct. R. II, § 2(4)(b). This court found respondent's argument to be well-taken. On March 28, 2003 it dismissed Ruvalcaba's petition without prejudice and directed him to exhaust his remedies in state court.

On March 17, 2004 Ruvalcaba moved pro se in the state appellate court for leave to file a direct appeal. The court denied Ruvalcaba leave to appeal on April 15, 2004. On April 28, 2004 Ruvalcaba moved the state appellate court to reconsider its opinion, and the court denied Ruvalcaba's motion on May 3, 2004.[1]

On November 18, 2004 Ruvalcaba filed a notice of appeal and a motion for delayed

---

[1] The appellate court incorrectly dismissed Ruvalcaba's motion to reopen as untimely. The state court opinion denying leave to reopen was journalized on April 15, 2004. Ruvalcaba moved for reconsideration on April 28, 2004. Ohio App. R. 26(A) allows appellants ten days after announcement of the court's decision to file a motion to reconsider. The state appellate court also found, however, that Ruvalcaba had failed to make the showing of extraordinary circumstances required before the court will grant a motion to reconsider.

appeal in the Ohio Supreme Court.  The court denied leave to appeal on December 29, 2004.

On June 4, 2004 Ruvalcaba moved in the state appellate court pursuant to Ohio App. R. 26(B) to reopen his direct appeal, asserting ineffective assistance of appellate counsel. On July 15, 2004 the state appellate court denied Ruvalcaba's motion as untimely and also found that Ruvalcaba had not shown good cause for his delay in filing his motion.  On July 26, 2004 Ruvalcaba moved for reconsideration of this decision, and the court denied his motion on August 15, 2004.

On March 1, 2005 Ruvalcaba filed in this court a petition for a writ of habeas corpus. Ruvalcaba claims nine grounds for relief:

> Ground one: Whether the trial court erred to base Petitioner's conviction on statements obtained in violation of the privilege against self-incrimination.
>
> Ground two: Whether the trial court erred to base Petitioner's conviction on evidence obtained in an unlawful search and seizure.
>
> Ground three:  Whether the trial court denied Petitioner due process and equal protection of the laws by accepting an unknowing jury waiver.
>
> Ground four: Whether the trial court erred to base Petitioner's conviction on insufficient evidence.
>
> Ground five:  Whether Petitioner's conviction is against the manifest weight of the evidence.
>
> Ground six:  Whether the trial court erred to convict and sentence Petitioner upon determining facts that necessarily should have been submitted to a jury.
>
> Ground seven:  Whether Petitioner was denied constitutional effective assistance of counsel.
>
> Ground eight:  Whether Petitioner was denied constitutional effective assistance of appellate counsel.
>
> Ground nine:  Whether Petitioner was denied the right to appeal.

Respondent filed an Answer on June 10, 2005 (Docket #7).  Thus, the petition is ready for

decision.

II

A. *Jurisdiction*

Petitioner was sentenced by the Court of Common Pleas of Cuyahoga County, Ohio. Petitioner filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) & (d). This court has jurisdiction over petitioner's claims.

B. *Statute of Limitations*

Respondent argues that Ruvacaba's petition is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244 limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have

been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Ruvalcaba was sentenced on January 3, 1997. He appealed timely to the state court of appeals, and that court dismissed his appeal as unperfected on December 15, 2000.

Assuming *arguendo* that Ruvalcaba's petition for postconviction relief was properly filed on December 20, 2000 and tolled the statute of limitations, Ruvalcaba timely moved in the state appellate court and in the Ohio Supreme Court to appeal the denial of his motion for postconviction relief. The Ohio Supreme Court dismissed Ruvalcaba's appeal as not involving a substantial constitutional question on April 3, 2002. Ruvalcaba then had 90 days to file for certiorari to the United States Supreme Court, and this 90-day period tolled the running of the statute of limitations. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The statutory period began to run on July 3, 2002, the first day after the end of the 90-day period in which Ruvalcaba could have sought certiorari in the United States Supreme Court. The statutory period expired on July 4, 2003.

Ruvalcaba's later filings had no effect on the expiration of the statutory period. Petitions for a delayed appeal and petitions for collateral relief can only pause a clock which has not fully run; they do not revive a statutory period once it has expired. *See Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001). Consequently, Ruvalcaba's petition and all succeeding petitions are barred, therefore, by the statute of limitations at 28 U.S.C. § 2244(d)(1).

III

For the reasons given above the magistrate judge recommends that the court dismiss Ruvalcaba's petition for a writ of habeas corpus.[2]


Date:  July 26, 2005          /s/Patricia A. Hemann
                              Patricia A. Hemann
                              United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[2]  Ruvalcaba's motion to inspect documents is made moot by his failure to file his petition timely.