IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
JOSE LUIS RUVALCABA,                     :
                                         : CASE NO. 5:05 CV 0657
                         Petitioner,     :
                                         :
            -vs-                         : ORDER ADOPTING REPORT AND
                                         : RECOMMENDATION AND
RICHARD GANSHEIMER, Warden,              : DISMISSING HABEAS PETITION
                                         :
                         Respondent.     :
------------------------------------------------------- :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before this Court is Jose Luis Ruvalcaba's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 on 1 March 2005.  (Docket No. 1).  This case was automatically referred to Magistrate Judge Patricia A. Hemann for a report and recommendation ("R&R").  (Docket No. 6).  On 26 July 2005, the Magistrate Judge filed her R&R, recommending the petition be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)'s one-year statute of limitations.  (Docket No. 10).  Petitioner then filed a timely objection to the R&R on 4 August 2005.  (Docket No. 12).  Before the Court ruled regarding the R&R, Mr. Ruvalcaba entered a motion requesting leave to file a supplemental habeas petition on 3 May 2006.  (Docket No. 13).  Respondent filed a brief in opposition to that request on 12 May 2006.  (Docket No. 14).

The Court will first address Mr. Ruvalcaba's objections to the Magistrate Judge's R&R.  Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C), this Court reviews *de*

*novo* those portions of the Magistrate Judge's report and recommendation to which specific objections are made. Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In his objections to the R&R, Mr. Ruvalcaba does not contest the Magistrate Judge's finding that the petition was untimely. Instead, he claims his tardiness should be excused due to judicial misconduct and the ineffective assistance of his trial and appellate counsels. Mr. Ruvalcaba urges the Court to review his petition on its merits. For the reasons stated below, none of Petitioner's objections justify excusing his tardy petition. Thus, the Court will adopt the Magistrate Judge's R&R and dismiss the petition as time barred pursuant to 28 U.S.C. § 2244(d)(1).

Mr. Ruvalcaba begins his objection by asserting ineffective assistance of trial counsel and judicial misconduct.[1] This objection is simply a reassertion of claims from Petitioner's original habeas petition, and neither addresses the Magistrate Judge's finding that the petition was untimely, nor presents any additional factual information for

---

[1] Specifically, Petitioner claims his rights under Article 36 of the Vienna Convention were violated during his arrest and subsequent criminal proceeding. Petitioner argues the violation of these rights should have resulted in his conviction being vacated, and failure of the court or his counsel to raise these issues at trial amounts to a breach of his constitutional rights to effective counsel and a fair trial. However, had Petitioner been advised by either counsel or the trial court of his Article 36 rights, there is no reason for the Court to believe that his arrest, criminal proceeding, or trial would have proceeded differently. As the Supreme Court recently noted: "Article 36 has nothing whatsoever to do with searches or interrogations. Indeed, Article 36 does not guarantee defendants any assistance at all. The provision secures only a right of foreign nationals to have their consulate informed of their arrest or detention–not to have their consulate intervene, or to have law enforcement authorities cease their investigation pending any such notice or intervention." Sanchez-Llamas v. Oregon, No. 04-10566, slip op. at 13-14 (U.S. June 28, 2006) (emphasis original).

2

this Court to consider in its review.  Moreover, the alleged violation of Petitioner's rights under Article 36 of the Vienna Convention has no relation to the Magistrate Judge's finding that the habeas petition was untimely.  Thus, this claim does not excuse Mr. Ruvalcaba's untimely petition.

In his objection, Mr. Ruvalcaba also asserts a claim of ineffective assistance of appellate counsel.  Petitioner argues that his appellate counsel's error led to his petition being tardy, and he requests the Court to apply the doctrine of equitable tolling to allow his tardy petition.

In order to receive equitable tolling, a petitioner has the burden of demonstrating "that some extraordinary circumstance stood in his way," and prevented him from filing the petition in a timely manner.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  In order to satisfy this requirement, Mr. Ruvalcaba asserts that his tardiness was due to his "appellate counsel's failure to communicate accurate information regarding the direct appeal," and his "appellate counsel leading him to believe that the post-conviction was another part of the direct appeal process." (Docket No. 12, Pg. 3).  Petitioner relies upon a letter from the Disciplinary Council of the Supreme Court of Ohio to demonstrate the inadequacy of his appellate counsel.  (Docket No. 12, Exhibit 1).

The Sixth Circuit has held that insufficient legal advice alone does not justify equitable tolling.  "A lawyer's mistake is not a valid basis for equitable tolling." Jurado v. Burt, 337 F.3d 638, 644-45 (6th Cir. 2003) (quoting Whalen v. Randle, 37 Fed.Appx. 113, 120 (6th Cir.2002).  In reaching its decision in Jurado, the Sixth Circuit also relied upon Fahy v. Horn, 240 F.3d 239 (3d Cir. 2001).  In that case, the court concluded that "attorney error, miscalculation, inadequate research, or other mistakes have not been

3

found to rise to the 'extraordinary' circumstances required for equitable tolling." Id. at 244.  Without evidence of the extraordinary conduct necessary to trigger equitable tolling, the Court can neither apply it nor excuse Mr. Ruvalcaba's untimely petition. Thus, the Court agrees with the Magistrate Judge's determination and holds the petition is time barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1).

Next, the Court addresses Mr. Ruvalcaba's motion for leave to file a supplement to his habeas petition.   In his motion, Petitioner argues the Court should allow him to supplement his petition to include the recent Ohio Supreme Court decision State v. Foster, 845 N.E.2d 470 (Ohio 2006).  The Court will deny this motion for two reasons. First, inclusion of the supplemental authority does not change the fact that his petition is barred by the statute of limitations.  Second, in Foster, the court stated that its ruling would only apply retroactively to those cases on direct review or not yet final.  Id. at ¶ 106.  Because Petitioner's case is not pending on direct review in the state court and is final, Foster does not apply.  Therefore, Petitioner's motion for leave to supplement is denied as futile.

Accordingly, the Magistrate Judge's R&R is adopted and Mr. Ruvalcaba's petition is dismissed without further proceedings.

IT IS SO ORDERED.


Date:  29 June 2006		/s/ Lesley Wells
				UNITED STATES DISTRICT JUDGE